**FIFTH-THIRD UNION TRUST CO. Etc., Appellee, v RAWSON et al, Appellants, RAWSON et al, Appellees.**
**FIFTH-THIRD UNION TRUST CO., Trustee etc., Appellee, v. BOETTGER, EXR. Etc., Appellant, RAWSON et al, Appellees.**

Ohio Appeals, First District, Hamilton County

Nos. 6648, 6655—Decided July 30, 1946

DOYLE J, of the 9th District; MORGAN J, SKEEL J, of the 8th District, sitting by designation in the 1st District.

## OPINION

PER CURIAM:

As to the appeal in case No. 6648:

The Fifth-Third Union Trust Company of Cincinnati, trustee, under the will of Francis Helen Rawson, deceased, has petitioned the common pleas court of Hamilton County for instructions relative to the securing of contribution from various legatees, devisees and their representatives, under the will of the deceased person, for the refunder of the Ohio inheritance tax paid by the executor for their respective accounts and in addition for further instructions dependent upon the answer to the above.

It appears that at the instance of the **executor** of the estate, a previous action to construe this will was commenced and some of these same questions, among others, were answered by court decree. That decree ordered that

"contribution shall be secured from the various legatees and devisees * * * and their representatives for the refunder of the Ohio inheritance tax paid by the executor for their re-

spective accounts * * * and the proceeds of said refunder shall be used, insofar as possible, to restore to the estate the equivalent of any securities that may have been sold by the executor for the payment of debts, taxes or expenses."

It further provided that when contribution is secured for the refunder of the inheritance tax paid by the executor for the respective accounts, the same shall be credited to and become a part of the residuary estate and the principal amount shall be used insofar as possible, to restore to the estate the specifically devised property which had been sold to pay "debts, bequests, inheritance taxes or expenses of administration."

Subsequent to this litigation brought by the executor, the said executor gave over the balance of the estate in his hands to a trustee provided for in the will, but did not prior thereto, require contribution as directed by the court for the inheritance tax paid by him as executor on behalf of the beneficiaries. The trustee, continuing to settle the affairs of the estate, demanded of a legatee that he pay or have deducted the amount of Ohio inheritance tax therefrom paid by the executor on his behalf. The legatee objected and at his request the trustee filed the instant action for instructions, asking, among other things, the three questions, the answers to which are now in controversy.

To this petition of the trustee, a demurrer was filed, bottomed upon the plea that the matter was res ajudicata since the questions propounded had already been answered in the previous action brought at the instance of the executor. The demurrer was sustained by the trial court, and on appeal this judgment, which dismissed the petition, was reversed and the cause was remanded for trial, on the ground that, under §10504-66 GC this plaintiff trustee was entitled to the instructions. (**Fifth-Third Union Trust Co. v Rawson, 74 Oh Ap 508.**)

In accordance with the suggestions of the Court of Appeals, the trial court, after hearing, entered the judgment which is now before this court for review.

The trial court's answers to the following three questions furnish the basis of the controversy in this appeal. They are:

1. "Do the provisions of the decree of this Court entered on June 16, 1936, in the case of The First National Bank of Cincinnati, executor under the last will and codicil of Frances Helen Rawson, deceased, v. Hobart Rawson et al, No. A-40346, with respect to securing contribution from various legatees and devisees under the will of Frances Helen Rawson, deceased,

and their representatives, for the refunder of the Ohio inheritance tax paid by the executor for their respective accounts, apply to plaintiff as trustee under said will?"

Answer: "The court finds that this question must be answered in the affirmative, and that the provisions of the decree in case No. A-40346, applicable to the executor, do apply to the plaintiff as trustee."

2. "If question No. 1 is answered in the affirmative shall plaintiff credit such contribution to the residuary estate, and if it should be so credited, what disposition should plaintiff make of such contribution?"

Answer: "The court finds that when contribution is secured from the various legatees and devisees, or their representatives, for the refunder of the Ohio inheritance tax paid by the executor, the same should be credited to and become a part of the residuary estate."

3. "If question No. 1 is answered in the affirmative, shall plaintiff secure such contribution in full from all of the legatees and devisees, and if it is not required to secure contribution in full, what contribution should it secure, inasmuch as the executor, prior to making distribution to plaintiff, restored out of income all of the assets of the estate with the exception of the cash on hand at the death of testatrix."

Answer: "The court finds that plaintiff as trustee should secure contribution in full from each and all of the legatees and devisees for the amounts advanced on their behalf, and on their account, for the payment of the Ohio inheritance tax."

In our consideration of the questions presented by the appellants against whom contributions have been ordered, we have had recourse to the many authorities cited, and after a full examination are of the opinion that the expression of the Court of Appeals in its decision on the demurrer that, while the former decree of the Court of Common Pleas is not res adjudicata, to the appeal then under consideration (from the dismissal of the petition following the sustaining of a demurrer) nevertheless, it is res adjudicata of "any action or proceeding seeking to set aside the effect of such decree," is a correct pronouncement of the law applicable to this appeal.

The appellants herein were parties in the original action brought by the executor for instructions. They were bound by the judgment against their pecuniary interest therein rendered, insofar as the executor was concerned. And now that the trustee has taken over from the executor as the representative, under the will, they are estopped in this pro-

ceeding, wherein they attempt to set aside the effect of the former decree against them. And, as stated by the Court of Appeals in the previous appeal, cited supra: "The trustee stands in the same position as the executor with respect to carrying out the former order of the court, the execution of which was delayed until the transfer of the estate to the trustee."

In view of our conclusions heretofore set forth, the judgment of the common pleas court must be affirmed.

As to the appeal in Case No. 6655:

We are concerned in this appeal with but one question. It is: When did the testatrix intend the estate bequeathed under the fourth sub-section of the fourth article of her will, to vest in interest? This part of the will provides:

"Fourth: After the foregoing bequests have been fully paid, said trustees shall thereupon

1. * * *
2. * * *
3. * * *

4. Said trustees will assign and transfer all my bonds and stocks (excepting my United States bonds and stock in the First National Bank of Cincinnati and the Buckeye Buster Mining Company heretofore disposed of) to my nieces and nephews, the children of my brothers, Edward, Joseph and Warren Rawson, and of my sister, Martha R. Bayley, share and share alike.

If any of my said nieces or nephews die leaving issue, the issue shall take the parent's share. If a division cannot be made, in kind, said trustees may sell such of said bonds and stocks as they may deem expedient and divide the proceeds of sale, making the division partly in kind and partly in money."

The trial court held that the nieces and nephews of the testatrix under this item of the will received only contingent interests and that the interests would not become vested until the termination of the trust, and that consequently the contingent interests of those who died prior to the termination of the trust, terminated upon their deaths.

It appears that there were 18 nieces and nephews living at the time of the death of the testatrix. Five of them are now deceased. Two of the five left children surviving and as to them there is no controversy.

Three of the nieces, however, died in 1944, leaving neither spouse nor issue. The trusts having terminated under the provisions of the will in 1945, it is apparent that their deaths

occurred prior to its termination. The controversy centers on the interests of these three nieces. If they acquired vested interests at the death of the testatrix, the division is 18 and their 1/8 interests become a part of their respective estates. If their interests were contingent only, such interests would be distributed among the nephews and nieces living at the termination of the trust, and to the issue of those who died, who would take under the provisions of the will quoted above.

The Court of Appeals of the Ninth District had occasion recently to examine all of the cases cited by counsel in this litigation in the case of **Everhard v Brown, 75 Oh Ap 451.** (Motion to certify overruled by the supreme court.) The opinion in that case was prepared by Judge Doyle, one of the members of this court. We have re-examined that case and the authorities cited, as well as the case of **Ohio National Bank of Columbus, Trustee, v Boone, 139 Oh St 361,** and the authorities therein cited, and it is our conclusion that, under the provisions of the will under consideration and without resort to rules of construction, the testatrix meant this part of her estate to vest at the time of her death, and that it is reasonable to conclude that when she used the language "if any of my nieces and nephews die leaving issue, the issue shall take the parent's share" she was referring to nephews and nieces who might predecease her.

Going further, however, and applying the rules of construction set out in full in the above cited cases, it seems that but one conclusion can properly be reached on the facts in this case, under the rule that, though a gift arises wholly out of directions to pay or distribute in futuro, yet, if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testatrix desired to appropriate the subject-matter to the use and benefit of others for a period of time, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred.

Ohio National Bank etc vs. Boone, supra.

The judgment of the court of common pleas is reversed and final judgment will be entered, awarding the estates of the deceased nieces their proportionate shares, and for such other orders as may be necessary to carry out this conclusion.

Judgment reversed.

DOYLE, SKEEL, MORGAN JJ, concur.